{¶ 115} I agree, based on the analysis in the majority opinion, that the granting of the motion for summary judgment was appropriate in this matter. I write separately because I think the plaintiffs should have had the opportunity to have their day in court, with the ultimate decision left to a jury. This case has survived eight years of discovery, and it seems there may have been some triable issues for a jury to decide. However, based upon the solid, well-written analysis in the majority opinion, I have no choice but to concur in the judgment only.
 PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY: *Page 38 
 {¶ 116} I concur in judgment only and write separately because I believe that Allied Indus. Serv. Corp. v. Kasle Iron Metals,Inc.[1] and Tom-Lin Enters., Inc., et al. v. Sunoco, Inc.[2] are wrongly decided and should be abandoned as precedent in this area of the law. These two cases are tremendous road blocks to any dealer's attempt to have his or her day in court.
 {¶ 117} Allied Indus. Serv. Corp. involves the statute of limitations which was raised in appellant's assigned error four. I agree with the dealers' argument that the 15 years statute of limitations for written contracts applies. I believe strongly that in cases where the franchise agreement has both services and goods involved, the application of Article 2 of the Uniform Commercial Code to such mixed contracts should be a matter decided by a jury.
 {¶ 118} Finally, I agree with the dealers that Tom-Lin misreads the Ohio Supreme Court's decision in Master Chemical Corp. v.Inkrott[3] When improper motive in pricing is at issue, the standard should be both subjective and objective good faith. Subjective intent to drive the dealers out of business is relevant to proving improper motives, which is honesty in fact. Nevertheless, many circuit courts have adopted the commercially reasonable standard as defined inTom-Lin. The bottom line is that the dealers should be allowed to have their day in court; however, the present state of the law unfortunately does not provide them that opportunity.
[1] (1977), 62 Ohio App.2d 144.
[2] (Cir. 6 2003), 349 F.3d 277.
[3] (1990), 55 Ohio St.3d 23. *Page 1